IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERRENCE POUNCEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 1:12-CV-512-TMH |
| | ) [WO] |
| CITY OF DOTHAN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On June 18, 2012, Plaintiff, an inmate incarcerated at the Dothan City Jail located in Dothan, Alabama, filed an application for leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). Pursuant to the directives of 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."

## I. DISCUSSION

The undersigned takes judicial notice of federal court records[2] which establish that Plaintiff, while incarcerated or detained, has had on at least three occasions civil actions and/or appeals dismissed as frivolous, malicious, for failure to state a claim, and/or for asserting claims against defendants who were immune from suit pursuant to the provisions of 28 U.S.C. § 1915. The cases on which the court relies in finding a violation of § 1915(g) include: (1) *Pouncey v. City of Dothan, et al.*, Civil Action No. 1:11-CV-10-ID (M.D. Ala. 2011); (2) *Pouncey v. Stokes, et al.*, Civil Action No. 1:11-CV-456-MEF (M.D. Ala. 2011); and (3) *Pouncey v. City of Dothan, et al*., Civil Action No. 1:11-CV-695-WHA (M.D. Ala. 2011).[3]

Plaintiff brings this civil rights action requesting damages and injunctive relief against the City of Dothan and Judge Rose Gordon. He seeks to challenge matters associated with his appearance before the Municipal Court of Dothan. Doc. No. 1.

The court has carefully reviewed the claims presented in the instant action. Even construing all allegations in favor of Plaintiff, his claims in this complaint do not entitle him to avoid the bar of § 1915(g) because they do not allege nor in any way indicate that he was " under imminent danger of serious physical injury" at the time he filed this cause of action

---

[2] In evaluating whether Plaintiff has three strikes, the court may properly take judicial notice of pleadings and orders in a previous case when the orders are public records and are "not subject to reasonable dispute because they [are] capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned." *Horne v. Potter,* 392 F. App'x 800, 802 (11th Cir. 2010).

[3] *Available at http://pcl.uscourts.gov/.*

as is required to meet the imminent danger exception to the application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999). *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred.").

Based on the foregoing, the court concludes that Plaintiff's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice for Plaintiff's failure to pay the requisite $350.00 filing fee upon the initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").

## II. CONCLUSION

In light of the foregoing, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Plaintiff on June 18, 2012 (Doc. No. 2) is DENIED.

It is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failure to pay the full filing fee upon the initiation of this case.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before July 11, 2012**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 27th day of June, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE